**Anna HILL, Administratrix of the Estate of Neil O. Wallace, Deceased, Appellant,**

v.

**MISSISSIPPI VALLEY BARGE LINE COMPANY.**

**No. 12174.**

United States Court of Appeals Third Circuit.

Argued May 15, 1957.

Decided May 20, 1957.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Bruce R. Martin, Pittsburgh, Pa. (Pringle, Bredin & Martin, Pittsburgh, Pa., on the brief), for appellee.

Before STALEY and HASTIE, Circuit Judges, and SORG, District Judge.

PER CURIAM.

This appeal presents the very narrow contention of the inadequacy of the award of the district court in a suit brought under the Jones Act, 46 U.S.C.A. § 688.

Appellant Neil O. Wallace was injured aboard the vessel of defendant-appellee on March 25, 1949. Medical testimony indicated that appellant recovered from this injury on or about June 16, 1949; he thereafter held a job as fireman for a barge line for a period of twenty-seven months. The district court found the defendant negligent and awarded appellant $734.59, a sum representing loss of wages and pain and suffering for the period from March 25, 1949, to June 16, 1949. It is argued by appellant that this award is inadequate because it should have included a sum for loss of future earnings. This contention is predicated upon the testimony of appellant's medical expert, who stated that it was his opinion that the present pain and stiffness in appellant's knee were caused by his injury. However, this expert examined appellant only two days before trial, more than seven years after the accident. In view of this and because appellant's medical history disclosed three previous accidents to the injured limb and the presence of chronic osteomyelitis, the district court found that there was no credible evidence of causation between appellant's present condition and the accident occurring on March 25, 1949.

There was sufficient basis in the record for the district court to disallow compensation for loss of future earnings as there was medical testimony that appellant had fully recovered from the injury in less than three months.

Although the award is a modest one, and perhaps is less than we would have made had the case been tried to us, we cannot say that it is so inadequate as to shock the conscience of the court and necessitate a new trial.

The judgment of the district court will be affirmed.